IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHN GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAVALRY PORTFOLIO | ) |
| SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JOHN GILBERT, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CAVALRY PORTFOLIO SERVICES, LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.  JOHN GILBERT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Sault Saint Marie, County of Chippewa, State of Michigan.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to AT&T.

6. The debt that Plaintiff allegedly owed AT&T was for a telephone bill allegedly incurred by Plaintiff his personal use of Plaintiff and/or household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CAVALRY PORTFOLIO SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is registered as a Limited Liability Company in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

14. In or around June 2011 through July 2011, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff.

15. Defendant initiated the aforementioned telephone calls to Plaintiff's residential telephone number.

16. Defendant knew or reasonably could anticipate that person(s) other than Plaintiff may answer the aforesaid telephone calls that Defendant initiated to Plaintiff's residential telephone number.

17. On or about June 21, 2011, Defendant initiated a telephone call to Plaintiff's residential telephone number.

18. Plaintiff's teenaged daughter answered the aforesaid telephone call.

19. Upon answering the aforesaid telephone call, Defendant stated an automatic pre-recorded message.

20. Plaintiff's daughter heard the contents of Defendant's automatic pre-recorded message.

21. Defendant stated that it was calling for Plaintiff.

22. Defendant stated that it was a debt collector.

23. Defendant stated that it was calling in an attempt to collect a debt.

24. At no time during the aforesaid telephone call did Defendant state that it was calling to confirm or correct location information for Plaintiff.

25. Plaintiff did not consent to Defendant contacting third parties.

26. Plaintiff was able to ascertain that the aforesaid telephone call was initiated by Defendant by viewing Defendant's telephone number on his caller identification at his residence.

27. Plaintiff's daughter informed Plaintiff of the contents of the aforesaid telephone call.

28. On or about June 29, 2011, Plaintiff's counsel sent a correspondence to Defendant.

29. Upon information and belief Defendant received the aforesaid correspondence.

30. In the aforesaid correspondence, Plaintiff's counsel notified Defendant that Plaintiff was represented by an attorney with respect to the debt on which Defendant was attempting to collect.

31. In the aforesaid correspondence, Plaintiff's counsel provided Defendant with Plaintiff's counsel's contact details.

32. Despite being advised that Plaintiff was represented by an attorney, on or about July 6, 2011, Defendant contacted Plaintiff in a further attempt to collect on the debt allegedly owed.

33. Despite being advised that Plaintiff was represented by an attorney, on or about July 11, 2011, Defendant contacted Plaintiff in a further attempt to collect on the debt allegedly owed.

34. At no time has Plaintiff's counsel failed to respond to a communication from Defendant.

35. Plaintiff's counsel did not consent to Defendant having direct communication with Plaintiff.

36. In its attempts to collect the debt allegedly owed by Plaintiff to AT&T, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

>   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify

      himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

    d. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

    e. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

38. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOHN GILBERT, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JOHN GILBERT**

By:   s/ David M. Marco
      Attorney for Plaintiff

<u>Dated: August 8, 2011</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithlaw.us